PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:17CV2309 |
| v. | ) JUDGE BENITA Y. PEARSON |
| MS. PASQUELLA, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 3, 4, 5, and 9] |

Defendants A. Pasquella, J. Klempay, Warden Charles LaRose, and CEO Damon Hininger initiated this action by filing a Notice of Removal, removing a lawsuit Plaintiffs Frederick Banks and Hamilton Brown filed in the Mahoning County Court of Common Pleas. ECF No. 1. *See Frederick Banks, et al., v. Ms. Pasquella, et al.*, Case No. 2017 CV 02466 (Mahoning Cty.). In their Notice of Removal, Defendants assert they "have the right to remove th[e] action . . . under 42 U.S.C. § 1983, 28 U.S.C. §§ 1441(c), 1443, 1446, and to invoke the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1332." *Id.* at PageID #: 2.

Plaintiffs' Complaint (ECF No. 1-1) is premised on allegations that unlawful deductions have been made from their prison accounts in excess of what they are required to pay for federal litigation under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915 ("PLRA"). Plaintiffs, however, allege only state-law claims arising from the purportedly unlawful deductions.

(4:17CV2309)

Plaintiffs bring claims for conversion (Count 1); account (Count 2), and negligence and conspiracy (Count 3). ECF No. 1-1 at Page ID #: 14-15. Plaintiffs have filed a Motion Remand the action to state court on the basis that they do not allege any federal claims and there is no basis for an exercise of diversity jurisdiction. ECF No. 4.

"A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996); 28 U.S.C. §1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction," and "all doubts [are] resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

In their brief opposing remand, Defendants contend the Court has subject matter jurisdiction because "Plaintiffs' claims arise out of a Federal statute," the PLRA. ECF No. 6 at Page ID #: 55. This position is not persuasive. Although the PLRA may be relevant in determining whether the deductions made from Plaintiffs' inmate accounts are proper, the claims the Plaintiffs allege on the face of their Complaint are state-law claims. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Accordingly, because no basis for federal subject matter jurisdiction is apparent in the Plaintiffs' Complaint, the Court grants Plaintiff's Motion to Remand. This action is remanded

2

(4:17CV2309)

to the Mahoning County Court of Common Pleas. The parties' remaining motions (ECF Nos. 3, 5, and 9) are denied as moot.

      IT IS SO ORDERED.

| | |
|---|---|
|  March 2, 2018 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |